Rick Martin (*Pro Hac Vice to be applied for*)
Patent Law Offices of Rick Martin, P.C.
PO Box 1839
Longmont, Colorado 80502
Telephone (303) 651-2177
Email: rmartin@patentcolorado.com

Scott Swanson (ISB # 8156)
Shaver & Swanson, LLP
910 W. Main St., Ste 320
P.O. Box 877
Boise, ID 83701-0877
Telephone (208) 345-1122
Email: Swanson@shaverswanson.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDERSEN MANUFACTURING INC., an Idaho corporation,<br><br>Plaintiff,<br>vs.<br><br>WYERS PRODUCTS GROUP, INC., a Colorado corporation,<br>Defendant. | Civil No. 16-157<br><br>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT WYERS PRODUCTS GROUP IN RESPONSE TO PLAINTIFF'S COMPLAINT |

COMES NOW the Defendant Wyers Products Group Inc. ("Wyers") responds to Plaintiff Andersen Manufacturing Inc.'s ("Plaintiff" or "Andersen") Complaint for Patent Infringement as follows:

## I. JURISDICTION AND VENUE

1. Wyers admits the subject matter jurisdiction statement of paragraph 1.

2. Wyers admits this Court has personal jurisdiction over Wyers.

3. Wyers admits Venue is proper.

## II. THE PARTIES

4. Wyers admits that Andersen has set forth what appears to be Andersen's own business address and state of incorporation.

5. Wyers admits that Andersen has set forth Wyers' business address and state of incorporation.

6. Wyers denies it has committed any acts of infringement either within this judicial district or elsewhere and thus denies the allegations of paragraph 6.

## III. GENERAL ALLEGATIONS

7. Wyers admits that Andersen is engaged in the manufacture and sale of towing technologies. Anderson lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding the success of Anderson and therefore denies the same. Wyers denies that Andersen is the manufacturer and retailer of several aluminum drop bar hitch systems that are protected by various intellectual property rights owned by Andersen as at least the patents asserted in this case are not valid based on information known by Wyers and beliefs pertaining thereto.

8. Wyers admits that a copy of U.S. Patent No. 6,908,099 (the '099 patent) appears to be attached as Exhibit A to Plaintiff's Complaint, that the '099 patent lists an issue date of June 21, 2005, that the '099 patent is entitled "Systems and Methods for Providing an Aluminum Bar for Towing," and that the '099 patent lists "Anderson Manufacturing, Inc. as the assignee. Wyers

denies that the '099 patent was "duly and legally issued." Wyers denies any remaining express or implied allegations set forth in paragraph 8.

9. Wyers denies that it manufactures, uses, sells, offers for sale and/or imports into the United States any aluminum adjustable hitches that infringe any purported intellectual property right owned by Andersen. Wyers denies that it was aware of any infringement based on any prior relationship with Andersen and denies that it was aware of any valid intellectual property rights that covered any product that Wyers manufactures, uses, sells, offers for sale, and/or imports into the United States.

10. Wyers lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies the same.

## IV. FIRST CLAIM FOR RELIEF

11. Wyers hereby repeats and incorporates by reference its responses including denials to paragraphs 1 through 10 of the Complaint as if set forth in full.

12. Wyers admits that the causes as listed in Plaintiff's complaint are for allegations of patent infringement and thus arise under the patent laws of the United States, in particular under 35 U.S.C. §§ 271, *et seq*. Wyers denies any remaining express or implied allegations set forth in paragraph 12.

13. Wyers admits that a copy of U.S. Patent No. 6,908,099 appears to be attached as Exhibit A to Plaintiff's Complaint, and that the '099 patent attached as Exhibit A lists "Anderson Manufacturing, Inc." as the assignee. Wyers denies any remaining express or implied allegations set forth in paragraph 13.

14. Denied.

15. Denied.

16. Wyers admits that it sells products named "TRZ4ALRP," "TRZ8AL," "RAZOR 6 Aluminum Adjustable Hitch," and "RAZOR 8 Aluminum Adjustable Hitch," "TRZ6ALRP," "TRZ12AL," "TRZ8ALRP," and "6" and 12" Premium Aluminum Adjustable Hitches." Wyers denies any remaining express or implied allegations set forth in paragraph 16.

17. Denied.

18. Wyers denies that any actions complained herein are in violation of any alleged patent right of Plaintiff, and therefore denies any allegations that the Court should enjoin any of Defendant Wyers' actions..

19. Denied.

20. Wyers lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies the same.

## PRAYER FOR RELIEF

Answering Paragraphs A through I of the Prayer for Relief in Plaintiff's Complaint, Wyers denies that Plaintiff is entitled to any of the relief requested therein.

## DEMAND FOR JURY TRIAL

Wyers admits that Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Wyers asserts the following defenses without assuming any burden that it would not otherwise have. Wyers reserves the right to amend its answer with additional defenses as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every purported claim for relief therein, fail to allege facts

sufficient to state a claim against Wyers.

**SECOND AFFIRMATIVE DEFENSE**
**(Noninfringement)**

Wyers has not infringed and is not infringing the ‘099 patent, the ‘412 patent or the '510 patent (collectively, the “patents-in-suit”) under any theory, including direct infringement, infringement by inducement, or contributory infringement.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

The patents-in-suit and all of the claims therein are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 305.

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff are estopped from claiming that the patents-in-suit cover any method, system, apparatus, or product of  Wyers by virtue of prior art and/or prosecution history.

**FIFTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

To the extent that Plaintiff seek damages for any alleged infringement more than six years before the filing of this action, the claims are barred by the statutory limitation on damages pursuant to 35 U.S.C. § 286.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver, Laches, and Acquiescence)**

Plaintiff’ claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence due to activities including but not limited to Plaintiff’ (including Plaintiff’ predecessors, assignors, etc.) unreasonable delay in asserting the patents-in-suit against Wyers.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice)**

To the extent that Plaintiff seek damages for any alleged infringement prior to their giving actual notice of the patents-in-suit to Wyers, their claims are barred pursuant to 35 U.S.C. §287(a).

**EIGHTH AFFIRMATIVE DEFENSE**
**(Innocent Intent)**

Wyers has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if they prevail, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

**NINTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

To the extent Plaintiff have come into this Court with unclean hands, Plaintiff are not entitled to any relief in this action.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff' claims are barred, in whole or in part, by their failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

To the extent Plaintiff lack standing with respect to any claim, that claim should be dismissed.

**TWELFTH AFFIRMATIVE DEFENSE**
**(License, Covenant Not to Sue, and/or Patent Exhaustion)**

To the extent that any of Plaintiff' allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatus, and/or products that were manufactured by or for a licensee of Plaintiff or their predecessors-in-interest and/or provided to

Wyers by or through a licensee of Plaintiff or their predecessors-in-interest, or under a covenant not to sue, such allegations are barred pursuant to license and/or exhaustion.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

Plaintiff is estopped from making any assertion inconsistent with or negating any argument, representation, or position taken in the course of the applications that issued as or led to the issuance of the patents-in-suit.

## COUNTERCLAIMS

1. Wyers Products Group, Inc. ("Wyers") is a Colorado Corporation having its principal place of business in Colorado.

2. Upon information and belief, Andersen Manufacturing Inc. ("Andersen") is an Idaho corporation having its principal place of business in Idaho Falls, Idaho.

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

4. This Court has personal jurisdiction over ("Plaintiff") by virtue of Plaintiff filing of the Complaint in this action.

5. Venue in this judicial district is proper under at least 28 U.S.C. § 1391 and by virtue of Plaintiff filing of the Complaint in this action.

6. Plaintiff has asserted that Wyers infringes U.S. Patent No. 6,908,099 ("the '099 patent"). An actual controversy exists between Wyers and Plaintiff over alleged infringement, invalidity and unenforceability of the asserted patent.

7. The ‘099 patent claims, *inter alia*, a method for manufacturing drop bars comprising extruding billet aluminum through a die to form a profile shape of an extended drop bar, cutting the extended drop bar profile to provide a plurality of drop bars, and machining one of the plurality of drop bars to receive a ball for coupling.

8. The use of extruded aluminum manufacturing was a known and preferred manufacturing choice before the priority date of each of the asserted patents. Extruded aluminum parts were used and preferred in the automobile industry prior to the priority date of each of the Asserted Patents. Trailer hitch components of similar design have been made from extruded aluminum prior to the priority dates of each of the Asserted Patents and were publicly known and available in the art prior to filing of the Asserted Patents, making it not novel and/or obvious to manufacture the devices and/or disclosed methods of the Asserted Patents. A non-exclusive list of prior art that serves to invalidate the Asserted Patents follows as set forth below:

9. US Patent No. 4028795 to Toshiro Takahashi granted 6/14/1977 describes a method of manufacturing structural profiles from aluminum based scrap metals which includes using a die with a desired extruder opening and compressing the cylindrical body of aluminum formed from the scrap metal into a consolidation and extruding the consolidation body through the extruder die to form the desired shape.

10. US Patent No. 4256348 to Lester et al. for an Aluminum Alloy Motorcycle Wheel Having an Extruded Rim Shrink Fitted and Resin Bonded to a Die Cast Hub-Spoke Unit granted March 17, 1981 describes a die cast extruded aluminum alloy drop center. This patent establishes the method of using extruded aluminum and aluminum alloy for automotive uses particularly uses that involve conveyance of a vehicle.

11. US Patent No. 5052470 to Buxmann for a Process for Continuous Production of an Extruded Section, granted Oct. 1, 1991, describes an aluminum or aluminum alloy which is pre-fabricated and fed to a die in a process that enables high quality extruded sections produced at an economic cost establishing aluminum and aluminum alloy die extrusion as an economical manufacturing method.

12. US Patent No. 5613726 granted March 25, 1997 describes an extruded, one piece metal slat unit for attachment to a frame member of a trailer. These components of the trailer are described to be extruded as a one-piece unit out of metal being an aluminum alloy preferably (see 110 in Fig. 7 below).




FIG - 7

13. US Patent No. 5207444 to Tydeman, granted May 4, 1993, describes a Turntable for Steerable Trailers in which an upper ring of extruded aluminum is configured to interlock with a

corresponding annular flange member of a lower ring of extruded aluminum. The description states "it is preferred that the (ring members) be provided of extruded aluminum (Col. 3, line 40).

14. US Pub. No. 2001/0006607 by Bekki et al, July 5, 2001 describes an aluminum alloy extruded material for automobile structural members and production thereof , further establishing use of aluminum alloy extruded material as known and preferred in the art. The document describes properties such as high mechanical strength, high elongation, high blending processability, excellent fatigue property, spot weldability, and surface treatment properties for reason for choice of use of extruded aluminum in structural members of automotive parts.

15. US Patent No. 6113124 for an Aluminum Side Rail Boat Trailer claims an aluminum boat trailer having a curved or stepped hitch tubular aluminum support (Fig. 1, 29 below) and curved truss bars (Fi. 10, 40 below).

**U.S. Patent** Sep. 5, 2000 Sheet 1 of 5 **6,113,124**




FIG. 1




FIG. 10

16. US Patent No. 6669223 to Sekaria et al. granted Dec. 30, 2003 and filed Oct. 11, 2002, describes a vehicle trailer hitch including an aluminum tubular U-shaped strut and cast aluminum receiver. Although the receiver is described as being cast aluminum the shape of the receiver is similar to the Andersen design and points to the known design choice in the field for a curved mounting member on a trailer hitch (Fig. 5, item 30).

U.S. Patent Dec. 30, 2003 Sheet 4 of 6 US 6,669,223 B2




FIG.5

17. US Patent No. 6565109 granted 5/20/2003, filed 12/14/2001, describes an aluminum kingpin mounting block that is an extruded block of aluminum that is machined to precision. This document further points to the known and obvious choice of extruded aluminum parts for use in manufacturing automotive structural members.

18. US Patent No. 6672115 granted 1/6/2004, having been published 6/20/2002 and filed 04/24/2000 (publication and filing prior to filing of ‘510 and ‘099 applications) shows a curved one piece trailer member (item 24 shown below in Fig. 2). Therefore, a curved trailer hitch member was known in the art at the time Andersen filed his applications.

U.S. Patent Jan. 6, 2004 Sheet 2 of 5 US 6,672,115 B2




Fig.2

19. US Patent No. 4274649 to Vanderhorst et al. shows a bicyle trailer and hitch including a curved bar (28 in Fig. 1 below) member of the hitch that connects the trailer to the bicycle. The rigid material is described as being formed from aluminum or steel (Col. 5, line 10).

U.S. Patent Jun. 23, 1981 Sheet 1 of 2 4,274,649




FIG. 1

20. In Ex Parte Grayson and Crecelius the Commissioner of Patents, on August 15, 1894 decided that mere substitution of material does not constitute an invention. In the opinion it is written that “an article of manufacture, a bicycle-frame of a known aluminum alloy, cast in one piece, is not a patentable invention merely by reason of its material”. This means that a curved trailer hitch bar is not an invention just because it is made out of a different material in a known method of manufacturing of that material.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF

## NONINFRINGEMENT OF THE '099 PATENT

21. Wyers incorporates and realleges Counterclaim Paragraphs 1 through 20 as though fully set forth herein.

22. Wyers has not infringed and does not infringe any valid, enforceable claim of the ‘099 patent asserted by Plaintiff, either literally or under the doctrine of equivalents.

23. Wyers has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the ‘099 patent asserted by Plaintiff, either literally or under the doctrine of equivalents.

24. Wyers seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the ‘099 patent asserted by Plaintiff, either literally or under the doctrine of equivalents.

25. Wyers seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the ‘099 patent asserted by Plaintiff, either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM**

**INVALIDITY OF THE '099 PATENT**

26. Wyers incorporates and realleges Counterclaim Paragraphs 1 through 25 as though fully set forth herein.

27. The ‘099 patent, and each claim thereof that is asserted by Plaintiff, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 102 and/or 103.

28. As set forth in the abstract of the '099 Patent, "utilizing an aluminum hitch component" provides "increased strength that eliminates encumbrances, such as rusting and fusing, associated with traditional hitch components. Accordingly, an extruded hitch is provided that includes increased tensile strength, does not rust, is lighter, and is more appealing to consumers."

29. The benefits of utilizing aluminum discussed in the '099 patent have been known at least as early as 1894, as set forth in the Decision of the Commissioner of Patents ruling that a bicycle frame made of aluminum is not patentable because it is made of aluminum in *Ex Parte Grayson And*

*Crecelius*, decided August 15, 1894. The Commissioner of Patents described the benefits of the purported invention of an aluminum bicycle frame substituted for steel as being that the new bicycle frame "resists corrosion; because it is light and elastic, and because of its strength. This follows from the mere choice of aluminum, which resists corrosion, is light, elastic, and strong."

30. The manufacture of various shapes, including automotive parts, by extruding aluminum and aluminum alloy through a die into a shape is known in, inter alia, U.S. Patent No. 4,028,795 and U.S. Patent No. 4,256,348. The process of extruding aluminum is considered an economical manufacturing method as discussed in U.S. Patent No. 5,052,470.

31. Extruded aluminum was known to be used in trailers before the priority date of the Andersen patents, as set forth, for example, in U.S. Patent Nos. 6,113,124 and 5,613,726.

32. Aluminum is known as having been used in trailer hitches prior to the priority date of the '510 patent as set forth, for example, in U.S. Patent No. 4,274,649.

33. Accordingly, the manufacture of a trailer hitch made of known material, namely aluminum or aluminum alloy, utilizing a known manufacturing process, namely extruding aluminum or aluminum alloy, as claimed in the '099 patent, constitutes an obvious process and thus the claims of the '099 patent are invalid for obviousness under 35 U.S.C. § 103. This case is only at the pleading stage, and Wyers's investigation of the prior art is ongoing. Wyers reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the District of Idaho.

34. Wyers therefore seeks a declaratory judgment that each claim of the ‘099 patent that is asserted by Plaintiff in this action is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.* including without limitation §§ 102, 103, and/or 112.

35. Extruded aluminum was known to be used in trailers before the priority date of the Andersen patents, as set forth, for example, in U.S. Patent Nos. 6,113,124 and 5,613,726.

36. Accordingly, the manufacture of a trailer hitch made of known material, namely aluminum or aluminum alloy, utilizing a known manufacturing process, namely extruding aluminum or aluminum alloy, as claimed in the '099 patent, constitutes an obvious process and thus the claims of the '099 patent are invalid for obviousness under 35 U.S.C. § 103. This case is only at the pleading stage, and Wyers's investigation of the prior art is ongoing. Wyers reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the District of Idaho.

37. Wyers therefore seeks a declaratory judgment that each claim of the ‘099 patent that is asserted by Plaintiff in this action is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.* including without limitation §§ 102, 103, and/or 112.

## RESERVATION OF RIGHTS

Wyers reserves the right to add any additional defenses and/or counterclaims that discovery may reveal.

## WYERS' PRAYER FOR RELIEF

WHEREFORE, Wyers respectfully requests that the Court enter judgment in favor of Wyers and against Plaintiff, as follows:

a. an order and judgment declaring that Wyers does not infringe any claim of the '099 patent that is asserted by Plaintiff in this action, under any theory;

b. an order and judgment declaring that the claims of the ‘099 patent, which are asserted by Plaintiff in this action, are invalid and/or unenforceable

c. an order that Plaintiff take nothing by the Complaint, that no injunctive relief shall issue in favor of Plaintiff, and that the Complaint be dismissed with prejudice;

d. an order that no costs, expenses, attorneys' fees, or other relief shall be awarded to Plaintiff;

e. an order declaring this case exceptional pursuant to 35 U.S.C. § 285 and awarding attorneys' fees to Wyers;

f. an order that costs and expenses shall be awarded to Wyers; and

g. any other relief that the Court deems just and proper under the circumstances.

DATED THIS _1st_ day of June, 2016.

Respectfully Submitted,

_/Scott D. Swanson/__________
Rick Martin
Scott D. Swanson
Attorneys for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _1st___day of June, 2016, I filed the foregoing electronically through the CM/ECF system, ANSWER ,AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT WYERS PRODUCTS GROUP IN RESPONSE TO PLAINTIFFS COMPLAINT which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Michael K. Friedland | 2mkf@kmob.com |
| Lauren Keller Katzenellenbogen | 21xk@knobbe.com |
| Jon A Stenquist | jas@moffatt.com |

______/Sandra Coryat/________

Sandra Coryat