Michael K. Friedland (*Pro Hac Vice*)
Lauren Keller Katzenellenbogen (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
michael.friedland@knobbe.com
lauren.katzenellenbogen@knobbe.com

Jon A. Stenquist, ISB No. 6724
MOFFATT, THOMAS, BARRETT, ROCK
& FIELDS, CHARTERED
900 Pier View Drive, Suite 206
Post Office Box 51505
Idaho Falls, Idaho 83402-1505
Telephone: (208) 522-6700
Facsimile: (208) 522-5111
jas@moffatt.com

Attorneys for Plaintiff
ANDERSEN MANUFACTURING INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ANDERSEN MANUFACTURING INC.,<br>an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>WYERS PRODUCTS GROUP, INC.,<br>a Colorado corporation,<br><br>Defendant. | Case No. 4:16-cv-00157-BLW<br><br>**ANDERSEN MANUFACTURING INC.'S ANSWER TO COUNTERCLAIMS** |

Plaintiff/Counter-Defendant Andersen Manufacturing Inc. ("Andersen") hereby responds to the Counterclaims of Defendant/Counter-Claimant Wyers Products Group, Inc. ("Wyers"), filed on June 1, 2016.

1. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Counterclaims and therefore denies those allegations.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Andersen admits that it has asserted that Wyers infringes U.S. Patent No. 6,908,099 ('the '099 patent") and that an actual controversy exists between the parties. Andersen denies all remaining allegations in paragraph 6 of the Counterclaims.

7. Andersen admits that the '099 patent contains such claims as are expressly set forth in its text. For example, Claim 1 of the '099 patent claims:

> "[a] method for manufacturing drop bars that are configured to be coupled to vehicles for towing, the method comprising;
> extruding billet aluminum through a die to form a profile in a shape of an extended drop bar;
> cutting the extended drop bar profile to provide a plurality of drop bars that are configured to be coupled to vehicles for towing; and
> machining a first drop bar to configure a receiving portion that is configured to receive a ball for coupling thereto, wherein the first drop bar is one of the plurality of drop bars."

Andersen denies all remaining allegations in paragraph 7 of the Counterclaims.

8. Denied.

9. Andersen admits that U.S. Patent No. 4,028,795 is titled "Method of manufacturing extruded structural profiles from aluminum based metal scraps," lists Takahashi

et al. as inventors, and states that it was issued on June 14, 1977. Andersen lacks sufficient information to admit or deny the remaining allegations in paragraph 9 of the Counterclaims and on that basis denies them.

10. Andersen admits that U.S. Patent No. 4,256,348 is titled "Aluminum alloy motorcycle wheel having an extruded rim shrink fitted and resin bonded to a die cast hub-spoke unit," lists Lester et al. as inventors and states that it was issued on March 17, 1981. Andersen denies the remaining allegations in paragraph 10 of the Counterclaims.

11. Andersen admits that U.S. Patent No. 5,052,470 is titled "Process for continuous production of an extruded section," lists Buxmann as inventor, and states that it was issued on October 1, 1991. Andersen denies the remaining allegations in paragraph 11 of the Counterclaims.

12. Andersen admits that U.S. Patent No. 5,613,726 states that it was issued on March 25, 1997. Andersen lacks sufficient information to admit or deny the remaining allegations in paragraph 12 of the Counterclaims and on that basis denies them.

13. Andersen admits that U.S. Patent No. 5,207,444 is titled "Turntable for steerable trailers," lists Tydeman as inventor, and states that it was issued on May 4, 1993. Andersen lacks sufficient information to admit or deny the remaining allegations in paragraph 13 of the Counterclaims and on that basis denies them.

14. Andersen admits that U.S. Pub. No. US 2001/0006607 A1 is titled "Aluminum alloy extruded material for automotive structural members and production method thereof," lists Bekki as one of the inventors, and states that it was issued on July 5, 2001. Andersen lacks sufficient information to admit or deny the remaining allegations in paragraph 14 of the Counterclaims and on that basis denies them.

15. Andersen admits that U.S. Patent No. 6,113,124 is titled "Aluminum side rail boat trailer," lists Chambers as inventor, and states that it was issued on September 5, 2000. Andersen lacks sufficient information to admit or deny the remaining allegations in paragraph 15 of the Counterclaims and on that basis denies them.

16. Andersen admits that U.S. Patent No. 6,669,223 is titled "Trailer hitch," lists Sekaria et al. as inventors, and states that it was issued on December 30, 2003 and filed on October 11, 2002. Andersen denies all remaining allegations in paragraph 16 of the Counterclaims.

17. Andersen admits that U.S. Patent No. 6,565,109 is titled "Kingpin assemblies for lightweight trailers," lists Kloepfer as inventor, and states that it was issued on May 20, 2003. Andersen denies all remaining allegations in paragraph 17 of the Counterclaims.

18. Andersen admits that U.S. Patent No. 6,672,115 states that it was issued on January 6, 2004 and filed on April 24, 2000. Andersen denies all remaining allegations in paragraph 18 of the Counterclaims.

19. Andersen admits that U.S. Patent No. 4,274,649 is titled "Bicycle trailer and hitch" and lists Vanderhorst et al. as inventors. Andersen lacks sufficient information to admit or deny the remaining allegations in paragraph 19 of the Counterclaims and on that basis denies them.

20. Paragraph 20 of the Counterclaims consists entirely of a legal argument to which no response is required, and to the extent any response is required, Andersen denies the allegations of this paragraph.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Noninfringement of the ’099 Patent)**

21. Andersen incorporates herein its responses to paragraphs 1-20 of the Counterclaims.

22. Denied.

23. Denied.

24. Andersen admits that Wyers seeks declaratory judgment of non-infringement but denies any basis therefore. Andersen denies any remaining allegations in paragraph 24 of the Counterclaims.

25. Andersen admits that Wyers seeks declaratory judgment of non-infringement but denies any basis therefore. Andersen denies any remaining allegations in paragraph 25 of the Counterclaims.

## SECOND COUNTERCLAIM

**(Invalidity of the ’099 Patent)**

26. Andersen incorporates herein its responses to paragraphs 1-25 of the Counterclaims.

27. Denied.

28. Andersen admits that the abstract of the ’099 Patent states, “[s]ystems and methods for using an extrusion, forging, casting and/or machining process to provide an aluminum hitch component with increased strength that eliminates encumbrances, such as rusting and fusing, associated with traditional hitch components. Accordingly, an extruded hitch is provided that includes increased tensile strength, does not rust, is lighter, and is more

appealing to consumers." Andersen denies all remaining allegations in paragraph 28 of the Counterclaims.

29. Denied.

30. Andersen lacks sufficient information or belief to admit or deny the allegations in paragraph 30 of the Counterclaims and on that basis denies them.

31. Andersen lacks sufficient information or belief to admit or deny the allegations in paragraph 31 of the Counterclaims and on that basis denies them.

32. Andersen lacks sufficient information or belief to admit or deny the allegations in paragraph 32 of the Counterclaims and on that basis denies them.

33. Denied.

34. Andersen admits that Wyers seeks a declaratory judgment that the asserted claims of the '099 patent are invalid but denies any basis therefore. Andersen denies any and all remaining allegations in paragraph 34 of the Counterclaims.

35. Andersen lacks sufficient information or belief to admit or deny the allegations in paragraph 35 of the Counterclaims and on that basis denies them.

36. Denied.

37. Andersen admits that Wyers seeks a declaratory judgment that the asserted claims of the '099 patent are invalid but denies any basis therefore. Andersen denies any and all remaining allegations in paragraph 37 of the Counterclaims.

## AFFIRMATIVE DEFENSES

38. Without assuming any burden that it would not otherwise have, including without admitting or acknowledging that is bears the burden of proof as to any of the defenses

denominated herein, Andersen asserts the following defenses. Andersen reserves the right to amend its Answer as further information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

39. Wyers' alleged counterclaims fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

40. Wyers' alleged counterclaims are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

(Laches, Waiver, Estoppel, Acquiescence)

41. Wyers' alleged counterclaims are barred by the doctrines of laches, waiver, estoppel, and/or acquiescence.

**RESERVATION OF DEFENSES**

42. Andersen reserves the right to revise, supplement, or amend its Answer and Defenses, including reserving all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and /or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Andersen prays for the following relief:

A. For an order dismissing with prejudice all claims against Andersen and denying all relief requested by Wyers;

B. That the Court enter judgment declaring the claims of the patents-in-suit to be valid, enforceable, and infringed by Wyers;

C. That the Court find this case to be an exceptional case under 35 U.S.C. § 285 and that Andersen recovers its reasonable costs and attorney fees upon prevailing in this action;

D. That Wyers take nothing by its Counterclaims against Andersen; and

E. That the Court award Andersen such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Andersen demands a trial by jury of all issues raised which are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 27, 2016

By: /s/ *Lauren Keller Katzenellenbogen*
Michael K. Friedland
Lauren Keller Katzenellenbogen

Attorneys for Plaintiff
ANDERSEN MANUFACTURING INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of June, 2016, I filed the foregoing **ANDERSEN MANUFACTURING INC.'S ANSWER TO COUNTERCLAIMS** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Rick Martin
Patent Law Offices of Rick Martin, P.C.
P.O. Box 1839
Longmont, CO 80502
rmartin@patentcolorado.com

Scott D. Swanson
SHAVER & SWANSON, LLP
P.O. Box 877
Boise, ID 83701-0877
Swanson@shaverswanson.com

/s/ *Lauren Keller Katzenellenbogen*
Lauren Keller Katzenellenbogen

23578117